```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
────────────────────────────────────────

UNITED REALTY ADVISORS, LP ET AL.,

                Plaintiffs,           14 Cv. 5903

      - against -              MEMORANDUM OPINION & ORDER

ELI VERSCHLEISER ET AL.,

                Defendants.

────────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    Defendants Eli Verschleiser, Raul Delforno, Ophir Pinhasi, and Alex Onica move for sanctions against plaintiff Jacob Frydman, an attorney proceeding pro se. The defendants seek sanctions pursuant to 28 U.S.C. § 1927. Frydman previously brought an order to show cause for a preliminary injunction together with a request for a temporary restraining order. After the defendants had opposed the numerous requests for relief, Frydman abandoned a majority of the provisions in the proposed order. The Court then issued a narrow temporary restraining order.

    The defendants argue that Frydman's initial request for a broad temporary restraining order was without merit, brought in bad faith, and warrants sanctions. For the reasons stated below, the motion for sanctions pursuant to § 1927 is denied.

1

I.

Plaintiff Jacob Frydman filed the Original Complaint in October 2014.  Frydman v. Verschleiser, No. 14cv8084 (S.D.N.Y. filed Oct. 7, 2014).[1]  The Original Complaint asserted twenty-one causes of action, including claims for misappropriation of trade secrets, fraud, unfair competition, and violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq.  The Original Complaint identified Verschleiser, Delforno, Pinhasi, Onica, and others as defendants.

On December 30, 2014, Frydman brought an order to show cause for a temporary restraining against Verschleiser, Delforno, Pinhasi, Onica, and others.  Frydman alleged that Verschleiser solicited Al Akerman to give Verschleiser confidential information concerning Frydman and various companies in which Frydman had an interest.  Frydman Decl. ¶¶ 8–9.  Akerman allegedly obtained this information while he was the chief compliance officer for Cabot Lodge, one of Frydman's companies.  Frydman Decl. ¶ 8.

Frydman's proposed temporary restraining order was very broad.  For example, Frydman requested that the Court prohibit the defendants from "making any contact with" with any

---

[1] Frydman and United Realty Advisors, L.P. had filed another action against Verschleiser, Delforno, Pinhasi, and Onica. Frydman v. Verschleiser, No. 14cv5903 (S.D.N.Y. filed July 30, 2014).  The Court has consolidated these cases.

2

prospective investor in United Realty Advisors, any person affiliated with any broker-deal, or any news organization "for the purpose, in whole or in part, of disclosing, sharing, publishing, or proffering any information about or relating to Frydman." Prop. Order to Show Cause ¶ 4.

Verschleiser, Delforno, Pinhasi and Onica opposed the proposed order on multiple grounds. The night before the hearing, Frydman limited his request for relief; he filed an amended proposed temporary restraining order that would have prohibited the defendants from using, publishing, or disclosing any propriety information.

After a hearing, the Court granted—in part—Frydman's request for a temporary restraining order. The Order prohibited the defendants from using or disclosing propriety or confidential documents obtained from Akerman. The Court also specified that "nothing in this Order shall bar any of the Opposing Parties from using any of the propriety information in connection with [a] pending state court litigation . . . . Any papers filed under seal in this action may be disclosed under seal in [the] state court action."

At the hearing, counsel for Verschleiser, Delforno, Pinhasi, and Onica orally requested that the Court impose sanctions on Frydman pursuant to § 1927. Tr. at 94-97. While the Court signed the limited temporary restraining order, and

3

the parties eventually stipulated to a preliminary injunction, the Court did not rule on the request for sanctions under § 1927 pending the receipt of letter briefs from the parties.

## II.

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

There is no dispute that the initial proposed temporary restraining order was too broad. One of the provisions may have violated the First Amendment, see Bridge C.A.T. Scan Associates v. Technicare Corp., 710 F.2d 940, 946-47 (2d Cir. 1983), and another provision would have violated the Anti-Injunction Act. See BrandAid Mktg. Corp. v. Biss, No. 03cv5088, 2003 WL 21998972, at *3 (S.D.N.Y. Aug. 21, 2003).

But § 1927 is not a catch-all provision designed to penalize attorneys for making bad arguments. Rather, an attorney must have "multiplie[d] the proceedings" for sanctions under § 1927 to be proper. "As a statute with a punitive thrust, § 1927 is to be strictly construed." Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 70 (2d Cir. 1990).

4

"Under the plain statutory language, objectionable conduct—even 'unreasonable and vexatious' conduct—is not sanctionable unless it results in proceedings that would not have been conducted otherwise." Peterson v. BMI Refractories, 124 F.3d 1386, 1396-97 (11th Cir. 1997). Accordingly, Frydman may be sanctioned only if his conduct multiplied proceedings. See, e.g., id.; Braunstein v. Az. Dep't of Transp., 683 F.3d 1177, 1189 (9th Cir. 2012); DeBauche v. Trani, 191 F.3d 499, 511–12 (4th Cir. 1999); Zuk v. E. Penn. Psychiatric Inst., 103 F.3d 294, 297 (3d Cir. 1996); see also Roadway Exp., Inc. v. Piper, 447 U.S. 752, 762 (1980) ("But § 1927 does not distinguish between winners and losers, or between plaintiffs and defendants. . . . It is concerned only with limiting the abuse of court processes.").

Frydman did not multiply the proceedings. He filed a proposed order to show cause for a temporary restraining order, and then withdrew most of the requested relief. What remained was a claim for injunctive relief that was, for the most part, granted. The defendants filed one brief in opposition; the Court held one hearing; and the Court then granted a limited temporary restraining order. Although most of Frydman's proposed order was unfounded, the Court did not resolve multiple motions or hold multiple hearings.

The opinions cited by the defendants are not to the contrary.  Those cases involved protracted litigation of baseless claims, Lee v. First Lenders Ins. Servs., Inc., 236 F.3d 443, 445 (8th Cir. 2001); Baker v. Urban Outfitters, Inc., 431 F. Supp. 2d 351, 355-56 (S.D.N.Y. 2006); delay tactics, Dahiya v. Kramer, No. 13cv3079, 2014 WL 1278131, at *1-2, *8 (E.D.N.Y. Mar. 27, 2014); unreasonable motions for reconsideration, Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125-26 (2d Cir. 2011) (per curiam); the denial of all requested relief, Dux S.A. v. Megasol Cosmetic GmbH, No. 03cv8820, 2006 WL 44007, at *1-2 (S.D.N.Y. Jan. 9, 2006); or Federal Rule of Civil Procedure 37, see JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc., No. 03cv5562, 2005 WL 1958361, at *9 (S.D.N.Y. Aug. 16, 2005).

There is no question that Frydman, a pro se attorney who has brought numerous cases, engaged in an ill-advised and reprehensible litigation tactic.  He brought an overly broad request for injunctive relief on December 30, only to drop most of the requests for emergency injunctive relief after his opponents had filed an expedited response.  He risked obscuring the merits of his best claim—a claim that eventually resulted in a temporary and then preliminary injunction.

If the plaintiffs pursue meritless claims, they may well be subject to Federal Rule of Civil Procedure 11 sanctions—if the

6

proper procedures for Rule 11 sanctions are followed.  At this point, however, the request for sanctions under § 1927 for the tactics in connection with the temporary restraining order is **denied.**

## CONCLUSION

The Court has considered all of the arguments raised by the parties.  To the extent not specifically addressed above, they are either moot or without merit.  For the foregoing reasons, the defendants' application for sanctions in connection with the temporary restraining order application is **denied**.

**SO ORDERED.**

**Dated:**     **New York, New York**
         **June 3, 2015**              _____/s/_____
                                              **John G. Koeltl**
                                        **United States District Judge**