ASHER C. GULKO, ESQ.
44 Wall Street, Second Floor
New York, New York 10005
212.500.1312

September 19, 2016

**VIA ECF**
Hon. John G. Koeltl
500 Pearl Street
New York, New York 10007

    **RE: United Realty Advisors, LP et al. v. Verschleiser, et al. Index No.: 1:14-cv-05903**

Dear Judge Koeltl:

    I currently represent certain defendants in this action (collectively "Clients"). This letter serves as a partial and initial response to Plaintiffs' Letter Motion ("Letter Motion") dated, September 19, 2016 (Docket Entry No.: 182) in the above referenced consolidated action. As an initial matter, Plaintiffs' Letter Motion seeks to address a discovery dispute, which is clearly outside the scope allowed by this Court's rules. As Your Honor made clear in not-too-long ago with respect to a Letter Motion filed by Mr. Fischbein on behalf of Plaintiffs that essentially sought legal advice on how it should proceed with respect to a deposition of a certain non-party individual known as Mr. Ellis Mirsky, Esq., the Court correctly noted that there was "no motion or application before the Court and no occasion for Court action". *See* Docket Entry No. 163. The Court's rules are unambiguous as to the purpose of a letter-motion (*see* Individualized Rules of Practice Rule 2 (F)); and direct the movant in connection with a discovery dispute to follow the procedure provided by the Local Rules pertaining to the Southern District of New York, and specifically Rule 37.2, which requires a request made in writing prior to the Court allowing a motion to be made. Plaintiffs have not made any such request nor have they reasonably engaged in any discussion with respect to the issues raised in their Letter Motion. For this reason alone, Plaintiffs' Letter Motion should be denied.

    It should be noted that over the course of this litigation and the related litigation pending in state court before Judge E. Bransten ("State Court Action"), the Plaintiffs herein have demonstrated a complete disregard for the judicial system, the discovery process, as well as the rules of the court. In addition, it is now apparent that there have been significant violations of other civil and potentially criminal statutes, including, ironically, the same violations that Plaintiffs have accused the Defendants herein of committing.[1] Most recently, during the deposition of Mr. Alex Veen ("Veen") a party to this litigation, the transcript demonstrates unequivocally that your undersigned was deprived and obstructed from conducting any examination of Veen. Although the videographer present at Veen's deposition confirmed that there was time remaining to examine Veen (*see* Veen Transcript at pp. 404-405, annexed hereto) the Plaintiffs prevented Veen from testifying and concluded the deposition by directing Veen, a non-party in this deposition proceeding, to not answer. Further, as the transcript reflects, your undersigned could not continue

---

[1] In fact, Mr. Alex Veen, whom Plaintiffs rely upon in their letter to the court (described below) had testified that he did not recall Mr. Verschleiser making any such statements as referenced in Plaintiffs' letter to this Court, dated 7/26/2016 (Docket #: 160). And, even if said statements were made, there was no reason or even slight concerns that it was made not in jest and could not be taken seriously. Nonetheless, your undersigned was compelled to respond and waste time and resources for purposes of the record.

with examining Veen, as Plaintiffs' conduct, including *inter alia*, creating such clamor so that the stenographer could not hear the witness or the questions being asked, as well as instructing the witness that the deposition was over, when it was clearly not, intentionally frustrated Defendants' efforts from continuing the deposition. *See* Veen Transcript at 399:15 and 21 (annexed hereto).

Tellingly, these pages of the transcript were not filed with Plaintiffs' Letter Motion, which include an abundance of other irrelevant documents, which are seemingly included to (again) divert the attention of the Court. It should also be noted that Plaintiffs attempted to divert the Court's attention with allegations made by Mr. Mirsky not too long ago, but J. Koeltl found their letter to be of no moment. *See* Docket #: 163. Notwithstanding Judge Koeltl's reaction, Plaintiffs were still successful in leaking these fabricated assertions to the press, who then published a story, which essentially accused Defendants of witness tampering. Plaintiffs, knew that if said story was published they would be protected by the law, as they purportedly did not engage in any misconduct, but rather submitted a "legal filing", albeit it lacked any real purpose (as the letter seeks to only request legal advice from the court), which was then "picked up" by the media. As such, Plaintiffs were successful in further disparaging and defaming Defendants.

However, perhaps even more incredulous was the misconduct of Plaintiffs that came about during and after the deposition of Veen. In the couple of minutes that your undersigned had a chance to examine Veen, the record reflects the following: (1) he was never served despite meeting with Mr. Frydman in person, and by whom he was being sued in the Federal Court Action, (2) **that he was being compensated by Mr. Frydman to the tune of $50,000 (per phase), as part of a "consulting agreement" with Mr. Frydman** (*see* Veen Transcript at 400:15) and (3) Plaintiffs attempted to physically prevent your undersigned from serving Veen with a notice for document requests and deposition. In addition to the foregoing blatant obstructions of the judicial process, including contact with an adverse party and paying them to comply with Plaintiffs' instructions in exchange for being released from the instant action[2], Plaintiffs have relentlessly caused or attempted to cause Defendants to expend more time and expense over the course of this litigation and deliberately abused the discovery and judicial process.

By way of just a few examples, Plaintiffs admitted under sworn testimony that they were responsible for posting video snippets of Defendant Eli Verschleiser's deposition testimony, which still appear online and can still be found on www.Youtube.com; filing multiple proceedings that are duplicative of other parallel proceedings; Plaintiffs' agreement to schedule certain depositions, to only be cancelled by them the very last minute, which as a consequence, Defendants expended money and time for naught in preparation and ensuring their schedule was available to accommodate Plaintiffs' depositions, which were ultimately cancelled by Plaintiffs. However, even more egregious is that Plaintiffs claim they have produced documents responsive to Defendants' requests, and accuse Plaintiffs for not being responsive, but this is patently false. While it is true that Plaintiffs did produce well over 12,000 documents to Defendants, so far, almost 75% of the production that your undersigned has reviewed, has either been non-responsive to Defendants' requests (i.e. contains documents that are blank, well beyond the dates that were demanded, or completely irrelevant, etc.) or repetitive of other documents included in the same

---

[2] As a reminder, this is not the first instance of such misconduct. Mr. Frydman has used this tactic of naming parties to his RICO lawsuit, and then dismissed them after coercing them to settle or assume responsibility for acts that he has alleged Defendants were liable. Your Honor made a point to notate this conduct on the record during a conference in the Federal Court Action.

production. Moreover, Plaintiffs have still not produced the basic documents that were requested months ago, and have clearly withheld other production that clearly exists, by virtue of the fact that it was produced by others in this litigation.

Plaintiffs have accused Defendants of failing to comply with the discovery process, and amongst other things seek to have Defendant, Mr. Eli Verschleiser, deposed for a third time in this proceeding. Tellingly, Plaintiffs fail to inform the Court that your undersigned has been more than willing to engage in a meet and confer to discuss the questions directed to Mr. Verschleiser, which they feel is the reason necessary to conduct another deposition of him, or provide the bases proffered for Mr. Verschleiser's reluctance to respond to certain questions that were possibly privileged, or that were clearly irrelevant - and the intent of the questioning was simply to annoy and harass other individuals who are not involved in this litigation, because they were simply affiliated with Mr. Verschleiser. In one such instance, Mr. Frydman demanded that Mr. Verschleiser produce the names of individuals that received grants from a non-profit that Mr. Verschleiser affiliates with, and Mr. Verschleiser had no interest in producing those names, as he was fearful that Plaintiffs would then subpoena those individuals for no rhyme or reason other than to frustrate their relationships with Mr. Verschleiser or the non-profit entity. Aside from Plaintiffs' past conduct that supports Mr. Verschleiser's conduct, including Mr. Frydman's (dismissed) lawsuit against an organization known as the American Jewish Congress because of its affiliation with Mr, Verschleiser; the transcript of Mr. Verschleiser's deposition makes this concern of retaliation, clear.

Thus, while Plaintiffs have pointed their fingers to Defendants for allegedly not complying with the discovery process, Defendants have complied to the full extent of the law and as directed by the Court – and to the contrary, Defendants have acquiesced to many of Plaintiffs' requests whether it be with respect to discovery deadlines in the instant action to accommodate for the new counsel that have appeared on behalf of Plaintiffs, or scheduling depositions. Yet, Plaintiffs have not reciprocated by any means, and have now used those same courtesies extended by Defendants against them, by asserting that Defendants are not being cooperative in the discovery process. Despite being sanctioned in an amount of close to $29,000.00 in the State Court Action, the misconduct by Plaintiffs has continued. However, instead of producing discovery in micro-niche format as done previously, Plaintiffs have now decided to attempt to overwhelm Defendants with a document dump, which contains minimal documents that are responsive to Defendants' requests, and bribing or inducing **ALL** the material witnesses in this matter thus far, by compensating them or retaining counsel on their behalf, whom Plaintiffs have unequivocal control over. Plaintiffs' conduct has precluded Defendants' ability to a fair trial and has been a clear perversion of the justice system.

Lastly, it should be noted that while former counsel for Plaintiffs assured both Your Honor and Judge Bransten (on the record) that this case would be handled differently as a result of him being involved, this has not occurred. Mr. Frydman continues to represent himself *pro-se*, which has resulted in significant abuse of the court and the judicial process. As a result of these frivolous or baseless filings, Defendants may have no choice but to seek this Court's intervention to end this misconduct and abuse of the legal system and reserve all rights to do so, however, for purposes of this writing, in light of the foregoing, Defendants respectfully request that the Letter Motion filed earlier today (Docket #: 182) be held in abeyance, until they comply with this Court's rules and

**ASHER C. GULKO, ESQ.**
44 Wall Street, Second Floor
New York, New York 10005
212.500.1312

address their grievances with respect to discovery by letter to the Court or until a conference with the court is scheduled to address the concerns stated herein.

      I thank the Court for its attention to this matter.

      Respectfully,

          */s Asher Gulko*
      _____
          Asher C. Gulko