

**Arthur G. Jakoby**
Partner
Phone: 212.592.1438
Fax: 212.545.3340
ajakoby@herrick.com

November 20, 2016

**VIA ECF**
The Honorable James L. Cott
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re: *United Realty Advisors, et al. vs. Eli Verschleiser, et al., 14 Civ. 5903 (JGK)*

Dear Judge Cott:

      We represent United Realty Advisors, LP and Prime United Holdings, LLC. Mr. Jacob Frydman ("Mr. Frydman"),*pro se*, joins in this letter.

      Unfortunately, notwithstanding this Court's warnings that the parties are to cooperate in discovery and complete discovery expeditiously (and <u>no later than</u> January 20, 2017), discovery has proceeded at a snail's pace due to Messrs. Gulko's and Verschleiser's failure to comply with their discovery obligations. As this Court knows, in October, we complained to the Court that immediately after this Court, at an October 6th court conference, directed discovery to proceed expeditiously and without further delays, *pro se* defendant Eli Verschleiser left the country for the rest of October and Defendants largely failed to participate in discovery citing the "difficulties" of doing so during the Jewish holidays which continued until the end of October.[1]

      Indeed, <u>immediately</u> after the October 6th court conference, in an effort to comply with this court's discovery directive, Mr. Frydman emailed Messrs. Verschleiser and Gulko as follows:



---

[1] According to an email sent by Mr. Verschleiser on October 10th, Mr. Verschleiser curtly stated "I am not available in October." Although the Court made it "crystal clear" at the October 6th court conference that discovery was to proceed expeditiously, both Messrs. Verschleiser and Gulko failed to advise the Court that they were about to take a 3 week discovery hiatus.

**HERRICK, FEINSTEIN LLP** ● Two Park Avenue ● New York, NY 10016 ● Phone: 212.592.1400 ● Fax: 212.592.1500

Case 1:14-cv-05903-JGK   Document 220   Filed 11/20/16   Page 2 of 5



The Honorable James L. Cott
November 20, 2016
Page 2

Thus, we offered Defendants twenty-one (21) different dates throughout October and November for the depositions of Mr. Frydman, Mr. Verschleiser and other noticed witnesses. However, the only depositions which Mr. Gulko has thus far agreed to go forward with are the party depositions for which we repeatedly sought document production orders from this court: defendants Pinhasi, Onica and Del Forno (and two short non-party depositions). Mr. Gulko and Verschleiser have failed and refused thus far to go forward with any other depositions.[2] Significantly, Defendants have failed to take Mr. Frydman's deposition notwithstanding the fact that on October 10th, we offered them 21 different potential dates.

In an email dated November 14, 2016, sent at 3:10 p.m., in response to my repeated requests to schedule depositions and threats to seek court intervention if I was not given dates to complete discovery, Mr. Gulko finally gave dates and wrote: "See dates below, which my client [Mr. Verschleiser] has proposed for both his deposition and Jacob's deposition in the arbitration and Federal matter".[3] A copy of Mr. Gulko's email is set forth below:



Having finally received dates, on November 16th, even though most of these dates were not good for me or Mr. Frydman, we quickly rescheduled existing obligations so that we could go forward on the dates selected by Mr. Verschleiser and listed by Mr. Gulko in his email. Therefore, I emailed Mr. Gulko and Mr. Verschleiser and

---

[2] Indeed, even the depositions of defendants Del Forno and Onica have not yet taken place. Del Forno is scheduled for Monday November 21st and Onica for Tuesday November 22nd. We hope these will go forward.

[3] The arbitration referred to is one which Mr. Verschleiser commenced against Mr. Frydman. Shortly after his email other dates were selected for the arbitration including one of the proposed dates, November 28th leaving December 1, 7 and 8 available for this matter (the RICO case).



The Honorable James L. Cott
November 20, 2016
Page 3

sought Mr. Verschleiser's deposition for December 7th (full day) and November 8th (3 hour court ordered continuation of his August deposition). In response, by email dated November 17th at 2:55 a.m. Mr. Verschleiser wrote "I would like dates of certain for his [Mr. Frydman's] deposition before I confirm anything." In response, I immediately offered that the Verschleiser defendants could depose Mr. Frydman on either December 1st or 2nd (December 1st was one of the days which Mr. Gulko advised me that both he and Mr. Verschleiser were available for depositions). Since I had been advised that non-party Ahuva Slomovitz, Mr. Verschleiser's former assistant. is available on December 5th, and non-party Lanny Davis, who Mr. Gulko has been seeking to depose, is available on December 9th, on November 17th, I sent an email to all parties confirming the foregoing deposition dates (the dates for Frydman, Verschleiser, Slomovitz and Davis). No one responded. Accordingly I sent two follow up emails on Friday November 18th asking for affirmative responses. Both emails were similarly met with continued silence.

      Therefore later that day (Friday November 18th) at 4:00 pm, due to Mr. Gulko's and Verschleiser's failure to confirm these dates, I called Mr. Gulko on his cell phone. Mr. Gulko advised me that <u>he is simply too busy</u>, working on this and other matters related to Mr. Verschleiser[4] and on other client obligations, <u>to go forward with these depositions until the week of December 19th</u>.[5] In other words, the Verschleiser defendants never intended to go forward on the dates which they chose and listed in Mr. Gulko's November 14th email. This means that just like discovery came to a screeching halt for 3 ½ weeks in October when Mr. Verschleiser, *without any pre-notice*, left the country for the Jewish holidays, **Mr. Gulko is now insisting on another 3 ½ week deposition hiatus**.[6] **This is an unacceptable delay so close to the discovery cutoff date and is further prejudicing Plaintiffs**. Accordingly, I then (Friday at 10:18 p.m.) sent an email to Mr. Gulko, and the other parties, advising him that these depositions -- long delayed by defendants' unavailability -- must go forward.[7] Mr. Verschleiser responded on Saturday evening (November 19th) by saying that the dates I proposed for Mr. Frydman's deposition does not work. This is strange considering that just days earlier in Mr. Gulko's November 14th email he had advised: "See dates below, which my client [Mr. Verschleiser] has proposed for both his deposition and Jacob's deposition in the arbitration and Federal matter." All of the dates I chose for Mr. Frydman's and Verschleiser's depositions are the very dates selected by Mr. Verschleiser himself. In other words, Mr. Verschleiser simply gave dates because I was threatening to go to the Court and once Mr. Frydman and I moved around our schedules and agreed to go forward on the very dates which he

---

[4] A 3-day arbitration is scheduled for mid-December (December 12th, 14th and 15th) in an action which Mr. Verschleiser commenced against Mr. Frydman. Although I have no personal knowledge of Mr. Gulko's schedule or how busy he is, it is noted that he is in a law firm with other lawyers and is not a solo practitioner. Mr. Gulko and his client never told the Court at the October 6th Court Conference that they could not actively participate in discovery until November due to the Jewish holidays and, at this point, given the difficulties of getting sincere participation in discovery throughout November, after two months of non-cooperation, to Mr. Gulko's other commitments. Since he has other lawyers in his office he needs to work out his own scheduling issues.

[5] Mr. Gulko did agree that the deposition of Intermedia, which is scheduled for December 6th could go forward. It is not expected that either he or Mr. Verschleiser will attend this deposition.

[6] On Sunday November 20th at 10:40 p.m. Mr. Gulko agreed to go forward with the Slomovitz deposition on December 5th -- the date selected by this witness.

[7] Mr. Gulko had asked that I delay one of the non-party depositions which he had sought (Lanny Davis) and I did agree to delay that deposition since it is his requested deposition, not mine.



The Honorable James L. Cott
November 20, 2016
Page 4

and Mr. Gulko selected, they changed their minds and claimed that these dates are not good. It is thus crystal clear that discovery is merely a game for Mr. Verschleiser and Mr. Gulko.

This is unfortunately a pattern we have seen by Mr. Verschleiser and Mr. Gulko since September of doing everything they can do to delay discovery to stop Plaintiffs from gathering evidence in support of the Complaint allegations.[8]

In order to prepare our expert reports we need to take the deposition of Ms. Slomovitz and Verschleiser (in that order) no later than December 15th.[9] During our November 19th call, I explained to Mr. Gulko that because it is likely that facts elicited during both Ms. Slomovitz's and Mr. Verschleiser's testimony will result in our need to serve document demands on other non-parties,[10] if these depositions do not go forward in the first half of December, our expert reports cannot be completed and we will not be able to complete discovery by this Court's January 20th discovery cutoff date.[11]

This court has previously made it "crystal clear" that both Messrs. Gulko and Verschleiser were to actively participate in discovery and work cooperatively with the Frydman parties so that all Court Ordered discovery deadlines could be met without the need for further adjournments or they would be sanctioned. This Court warned Messrs. Gulko and Verschleiser on October 27th, as follows: "I don't quite understand why you and Mr. Verschleiser are effectively thumbing your nose at the Court which is really what's been done here although it may not be what you intended." Notwithstanding this Court's warnings, both Messrs. Gulko and Verschleiser continue to ignore discovery obligations and do whatever they can to obstruct and delay.[12]

Defendants do not believe that a further discovery extension is necessary. However, to meet this Court's discovery deadline, we once again need the Court to Order both Mr. Verschleiser and Mr. Gulko to proceed with scheduled discovery.

Accordingly, we respectfully request that the Court order the following depositions to go forward[13]:

---

[8] Other than the week of November 14th, the Frydman parties have been available for depositions on almost every day since the October 6th conference.

[9] At the Court's October 27th conference call, the court, when extending fact discovery until January 20th advised the parties to work together on expert discovery deadlines. Mr. Gulko during our November 18th phone call agreed that we need not submit any expert reports to him until January 2017.

[10] This is due to Mr. Verschleiser's failure to produce emails and thus we must solicit facts via testimony and then follow up with subpoenas duces tecum to non-parties.

[11] It is similarly important for Mr. Frydman's deposition immediately go forward so that we can better understand defendants' position given their lack of document production.

[12] Indeed, notwithstanding numerous requests to Mr. Gulko that he provide Rule 34 Responses to Document Demands dated July 21, 2016 he has -- **now 4 months later** -- failed to respond and thus we cannot know whether documents were withheld due to privilege or otherwise.

[13] All non-party dates were chosen by the non-parties and their counsel. The dates for Mr. Verschleiser's and Mr. Frydman's depositions are the dates identified by Mr. Gulko in his November 14th email as good deposition dates for both him and Mr.



The Honorable James L. Cott
November 20, 2016
Page 5

1. Jacob Frydman: December 1, 2016, commencing at 9:30 a.m. sharp and continuing for no more than 7 hours of deposition time; <u>Mr. Verschleiser and Gulko have refused to go forward with this deposition even though they selected this date;</u>
2. Ahuva Slomovitz (non-party subpoenaed by Plaintiffs): December 5, 2016, commencing in the morning between 9:00 a.m. to 10:00 a.m. (exact time based upon availability of this non-party witness). After I threatened to go to the Court, Mr. Gulko, in an email on Sunday evening November 20th, agreed that the Frydman parties could go forward with this deposition;
3. Intermedia (non-party subpoenaed by Plaintiffs): December 6, 2016, commencing in the morning between 9:00 a.m. to 11:00 a.m. (exact time based upon availability of this non-party witness). After I threatened to go to the Court, Mr. Gulko agreed that the Frydman parties could go forward with this non-party deposition;
4. Eli Verschleiser: December 7, 2016, commencing at 9:30 a.m. sharp and continuing for no more than 7 hours of deposition time. <u>Mr. Verschleiser and Gulko have refused to go forward with this deposition even though they selected this date;</u>
5. Eli Verschleiser: December 8, 2016, commencing at 9:30 a.m. sharp and continuing for no more than 3 hours of deposition time (this is the court ordered extra 3 hours ordered by this Court on October 6th). <u>Mr. Verschleiser and Gulko have refused to go forward with this deposition even though they selected this date</u>.

In addition, Defendant Akerman needs to be deposed by mid-December and his counsel Avrohom Gefen has been cooperating and has offered to provide dates. Thus, this deposition also needs to be Ordered to be held no later than mid-December. Although Mr. Gefen is cooperative, I will need Mr. Gulko and Mr. Verschleiser to appear on a date convenient for Mr Akerman.

As long as the Defendants cooperate and go forward with these depositions we will be able to get them expert reports by the second week of January so that they can take expert depositions by January 20th and discovery can be completed by January 20th. Accordingly, we ask the Court to Order defendants to go forward with the above referenced depositions.[14]

                                                Respectfully submitted,

                                                /s/ Arthur G. Jakoby

                                                Arthur G. Jakoby

CC: All Parties (via ECF)

---

Verschleiser. If Messrs. Gulko and Verschleiser are unwilling to go forward with Mr. Frydman's deposition by mid-December, then they should forfeit the right to Mr. Frydman's deposition.

[14] If Defendants do not go forward with Mr. Frydman's deposition, on a date which they selected, they should forfeit their right to depose Mr. Frydman.