# JOSHUA SUMMERS, ESQ.
## ATTORNEY-AT-LAW

January 18, 2017

**VIA ECF**

The Honorable James L. Cott
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

                Re:    **United Realty Advisors, LP et al. v. Eli Verschleiser et al., 14-cv-5903**
                          **Jacob Frydman et al. v. Eli Verschleiser et al., 14-cv-8084**

Dear Magistrate Judge Cott:

      I represent defendants Eli Verschleiser and Multi Capital Group of Companies, L.L.C. (collectively the "Verschleiser Defendants") in the above-referenced, consolidated, actions. I write this letter in further support of the Verschleiser Defendants' motion to strike the expert reports and preclude their testimony at a trial in this action. I also write this letter in reply to Mr. Jakoby's letter, dated January 18, 2017, in opposition to the motion. I also join in with Mr. Avrohom Gefen's reply letter, dated January 18, 2017, in support of the instant motion, to the extent plausible.

      To begin with, I reviewed Mr. Jakoby's letter with Mr. Gulko to ascertain the truth of many statements made by Mr. Jakoby in his letter. Mr. Gulko was shocked to hear the allegations and categorically denied ever agreeing to extend Mr. Jakoby's time to serve expert reports.

      Even during my short time involved in this matter, Mr. Jakoby has not let any opportunity pass to shift blame onto my clients for his own actions/inactions. The facts are that Your Honor's Order, dated October 7, 2016, states very clearly the discovery deadlines in this action – to wit, December 16, 2016 for expert reports[1] and January 20, 2017 for the close of all discovery. This is the last Order of this Court related to discovery deadlines. As a result of the

---

[1] I, along with Mr. Gulko, personally viewed and acted within the court-ordered December 16, 2016 deadline for production of expert reports. Our planning and decisions were all done within the time frame of the December 16, 2017 deadline. In fact, prior to Mr. Jakoby's allegations, I had never heard of any extension of discovery deadlines beyond December 16, 2016.

# Joshua Summers, Esq.
## Attorney-At-Law

Plaintiffs' untimely and prejudicial production of its expert reports – first produced on January 12, 2017 – the expert reports and any testimony from said experts must be precluded from this case.

I was only recently retained by the Verschleiser Defendants in this case. It would be impossible for me to know every conversation that was had prior to my retention. However, at those times, Mr. Verschleiser was a defendant *pro se*. He was not represented by counsel – not Mr. Gulko or anyone else. While Mr. Jakoby alleges an agreement with Mr. Gulko to extend expert reports (which according to Mr. Gulko and Mr. Gefen is entirely untrue and for which Mr. Jakoby has failed to present any support) he does not allege that Mr. Verschleiser, a defendant herein, ever agreed to an extension of any discovery dates. In fact, Mr. Jakoby does not even allege that he had a meet and confer about these issues with Mr. Verschleiser. Obviously, Mr. Verschleiser would be a necessary party to any agreement that affects his rights in this case – including those related to discovery. As a result, any agreement to extend the discovery deadlines without Mr. Verschleiser's consent, or a court order, would be ineffective.

In his letter, Mr. Jakoby tries to paint a picture – albeit a false one – of the Defendants' alleged delays in this action. It is quite striking though to view the Plaintiffs' recent actions herein in the same light. Plaintiffs' initial production of documents consisted of over 9,000+ pages of impertinent, irresponsive and irrelevant documents. Plaintiffs' most recent production of documents to the Defendants, sent to us on January 17, 2017, consisted of more than 1,000+ pages of uncategorized chaos. It also became clear to us that the January 17, 2017 production had been ready, sitting in their offices to be served for more than one month. Instead they served it only a few days before the close of discovery – much like they did with their Expert Reports. After the most recent "meet and confer" the Plaintiffs agreed to produce additional documents and privilege logs which we have still not received. These actions and/or inactions by the Plaintiffs are evidence of a distinctive pattern of conduct that show Plaintiffs' utter refusal to act in good faith. We continue to try and work with the Plaintiffs to try and resolve these issues and move forward in this case but we continue to be stymied by their lack of efforts and significant progress.

# JOSHUA SUMMERS, ESQ.
## ATTORNEY-AT-LAW

In light of the Plaintiffs' clear violation of the Court Ordered discovery deadlines and the prejudice it places on the Defendants herein, this Court must strike the Plaintiffs' expert reports and preclude their testimony at a trial in this action, pursuant to FRCP37(b)(2).

**JB SUMMERS PLLC**
*Attorneys for Defendant Eli Verschleiser and Multi Capital Group of Companies, L.L.C.*

By: _____
Joshua Summers, Esq.
499 Chestnut Street, Suite 219
Cedarhurst, New York 11516
(516) 833-1463