**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**JACOB FRYDMAN, ET AL.,**

              **Plaintiffs,**      **14-cv-5903 (JGK)(JLC)**
                                          **14-cv-8084**
      - against -

                                          **MEMORANDUM OPINION AND**
**ELI VERSCHLEISER, ET AL.,**              **ORDER**

              **Defendants.**
------------------------------------

**JOHN G. KOELTL, District Judge:**

    Pending before the Court are the plaintiffs' objections to Magistrate Judge Cott's January 18, 2017 Order (the "Order") striking two expert reports because they were filed after the court-ordered deadline for expert disclosure. Dkt. 258. After carefully considering the objections and the extensive submissions by the parties, the objections are **overruled.**

    This case involves two consolidated actions, United Realty v. Verschleiser, No. 14-cv-5903 (S.D.N.Y.), and Frydman v. Verschleiser, No. 14-cv-8084 (S.D.N.Y.). As this Court explained in an Opinion and Order dated March 22, 2016, "These actions are the latest chapter in a long-running and acrimonious dispute between Jacob Frydman and Eli Verschleiser, former partners in a Real Estate Investment Trust." Frydman v. Verschleiser, 172 F. Supp. 3d 653, 658 (S.D.N.Y. 2016). Familiarity with the facts, underlying claims, and procedural history of this case is presumed. See id. at 659-662; see also United Realty Advisors,

1

LP v. Verschleiser, No. 14 CV. 5903, 2015 WL 3498652, (S.D.N.Y. June 3, 2015).

The conduct of the parties in this litigation has been less than exemplary. "Each party has used judicial and extra-judicial scorched earth practices to torment the other party." Frydman, 172 F. Supp. 3d at 658.

On August 26, 2016, this Court referred the case to Magistrate Judge Cott for general pre-trial, including for scheduling and discovery. See Dkt. 174. The Order that is subject to the current objections describes the relevant chronology of events in detail. See Dkt. 258 at 2-3. In short, on October 6, 2016, Magistrate Judge Cott set December 16, 2016 as the deadline for expert disclosure, which was memorialized in a Scheduling Order dated October 7, 2017. See Dkt. 195 ("Parties must exchange expert reports by December 16, 2016."). The Scheduling Order also set December 16, 2016 as the deadline for fact discovery, and January 20, 2017 as the deadline for expert discovery, meaning that all discovery would be complete by January 20, 2017.

It is undisputed that between October 6, 2016, and December 16, 2016, the parties made various applications with respect to discovery --- which resulted in the extension of the fact discovery deadline to January 20, 2017, meaning that fact and

expert discovery would conclude on the same date --- but that no party moved to extend the deadline for expert disclosure.

The plaintiffs produced two expert reports around January 11, 2017, a little more than one week before the close of discovery. One proposed expert was to testify regarding damages, and the other was to testify regarding the interpretation of certain data to help establish that the defendants had hacked the plaintiffs' servers. The defendants moved to strike the expert reports and exclude the testimony of the proposed experts pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure because the reports were submitted after the December 16, 2016 deadline for expert disclosure. In the Order, Magistrate Judge Cott granted the motion and struck the expert reports. The instant objections followed.

Federal Rule of Civil Procedure 72(a) requires this Court to set aside any portion of the Order "that is clearly erroneous or is contrary to law." As a "non-dispositive matter," a pretrial discovery ruling is reviewed under this highly deferential standard. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." See Easley v. Cromartie, 532 U.S. 234, 242 (2001) (citation and internal quotation marks omitted). "An order is contrary to law when it

3

fails to apply or misapplies relevant statutes, case law or rules of procedure." Thompson v. Keane, No. 95 Civ. 2442 (SHS), 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (citation and internal quotation marks omitted).

"The decision to strike an expert disclosure is entrusted to the discretion of the . . . court." Regalado v. Ecolab Inc., No. 14-CV-6020 (LGS), 2016 WL 94139, at *2 (S.D.N.Y. Jan. 7, 2016) (citation omitted); see also Eastwood v. City of N.Y., No. 05 CIV. 9483 (RJS), 2009 WL 3459206, at *2 (S.D.N.Y. Oct. 27, 2009) ("Consistently, it has been held that a magistrate's report resolving a discovery [dispute] between litigants should be afforded substantial deference and be overturned only if found to be an abuse of discretion." (quoting Nikkal Indus., Ltd. v. Salton, Inc., 689 F. Supp. 187, 189 (S.D.N.Y. 1988))). Court-imposed deadlines matter. See, e.g., Peterson v. Home Depot U.S.A., Inc., No. 11 CIV. 5747 (ER), 2014 WL 1355622, at *4 (S.D.N.Y. Apr. 4, 2014); Hnot v. Willis Grp. Holdings Ltd., No. 01-CV-6558 (GEL), 2006 WL 2381869, at *3 (S.D.N.Y. Aug. 17, 2006). The Court of Appeals has instructed that "compliance [with discovery orders] is necessary to the integrity of our judicial process. A party who flouts such orders does so at his peril." Update Art, Inc. v. Modiin Publ'g, Ltd., 843 F.2d 67, 73 (2d Cir. 1988).

The Order was neither clearly erroneous nor contrary to law. It was well-within Magistrate Judge Cott's discretion to enforce the discovery deadline for expert disclosure in this case by striking the untimely expert reports.

The plaintiffs claim that counsel for the plaintiffs reached an informal side agreement with counsel for one (though not all) of the defendants to extend the deadline for expert disclosure. For the reasons stated in the Order, the side agreement could not have bound all of the parties in this litigation. Dkt. 258 at 3. More importantly, whatever its merits as between the parties, the side agreement could not override the court's Order. Dkt. 258 at 3-4; see also Peterson, 2014 WL 1355622, at *4 ("[A]ll deadlines are 'final' unless and until the Court grants an extension."). Given the conduct of the parties in this litigation, it was folly for the plaintiffs to rely on a side agreement with one of the defendants without obtaining the court's agreement to change the court-ordered deadline.

The plaintiffs further argue that Magistrate Judge Cott's schedule for expert disclosure was ambiguous given his directive that the parties should attempt to work out discovery issues between themselves. For the reasons recounted in the Order, the deadline for expert disclosure was clear. Magistrate Judge Cott's wistful hope that the parties in this case could resolve

5

discovery disputes without court intervention (the default assumption in the typical case) did not give the parties license to amend unilaterally the discovery schedule. See id.; Hnot, 2006 WL 2381869, at *4 ("The real flaw in plaintiffs' position, however, is that regardless of what transpired at the August 2002 conference, plaintiffs subsequently failed to take even minimally adequate steps to protect their alleged right to the discovery now at issue."). The parties should have sought to resolve any perceived ambiguity with the court before the deadline, not after. The plaintiffs have not hesitated to seek court intervention (and submit lengthy submissions) regarding various (often minute) issues. It was incumbent upon them to do so here if they believed that there was an ambiguity.

The plaintiffs fault Magistrate Judge Cott for not holding a hearing before striking the reports, but it cannot be said that that constituted an abuse of discretion. Magistrate Judge Cott issued the Order only after receiving submissions from the parties. It is clear that Magistrate Judge Cott was intimately familiar with the case, and that a hearing would not have materially added to the record or resulted in a different decision. See Gaus v. Conair Corp., No. 94 CIV. 5693 (KTD), 2000 WL 1277365, at *2 (S.D.N.Y. Sept. 7, 2000) ("[The Magistrate Judge] was in the best position to evaluate the efforts made by [the defendant] and decided that the situation did not warrant

6

the type of relief requested by [the plaintiff]."). Furthermore, the plaintiffs have filed extensive submissions in connection with these objections and were able to raise their arguments with this Court at a conference. This Court is satisfied that Magistrate Judge Cott properly struck the expert reports.

The plaintiffs also point to the preclusion factors set forth in Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc., 118 F.3d 955 (2d Cir. 1997): "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Id. at 961. The plaintiffs claim that Magistrate Judge Cott failed to consider these factors in making his ruling, and thus that the ruling is contrary to law, because the Order failed to articulate specifically an analysis pursuant to Softel. The argument is unpersuasive: "[J]udges are not required to [incant] particular language when issuing rulings on non-dispositive discovery issues." Eastwood, 2009 WL 3459206, at *3.

Moreover, having considered the Softel factors, this Court can detect no clear error in the Order. First, as already addressed, the discovery schedule was clear, and the plaintiffs offer no reasonable explanation for their failure to comply with the unambiguous deadline for expert disclosure. The plaintiffs

7

indicate that the defendants engaged in delaying tactics designed to forestall depositions and discovery, which purportedly prevented the plaintiffs from engaging experts until a belated juncture, which delayed expert disclosure. Despite the rhetoric, it is clear based on the submissions that the plaintiffs were perfectly capable of engaging their experts long before December 16, 2016, and of making their expert disclosures by that deadline. See Softel, 118 F.3d at 961 ("[The plaintiff's] explanation for its failure to comply with this deadline was that [its expert] did not have enough time to conduct his inquiry because he did not have access to the relevant diskettes until shortly before the deadline. This explanation is inadequate."). It was incumbent upon the plaintiffs to seek redress from the court for the defendants' alleged dilatory conduct and to obtain an extension of the deadline for exchanging expert reports before its expiration.

Second, again notwithstanding the plaintiffs' rhetoric, the plaintiffs' case is not foreclosed by the preclusion of the two experts. The plaintiffs can still, through fact evidence, attempt to prove their claims and establish damages. See Great White Bear, LLC v. Mervyns, LLC, No. 06 CIV. 13358 (RMB) (FM), 2008 WL 2220662, at *6 (S.D.N.Y. May 27, 2008) ("Although damages testimony is crucial in a breach of contract action, it appears that nothing would preclude [the litigant] from offering

8

at least some of the substance of the Report through a fact witness."). It is also incredible that the plaintiffs would wait until nine days before the final discovery cut-off date to submit the two reports if these two experts were so critical to their case.

Finally, taking the third and fourth factors together, permitting the expert reports would have had a cascading effect delaying this already protracted litigation. See Rienzi & Sons, Inc. v. N. Puglisi & F. Industria Paste Alientari S.P.A., No. 08-CV-2540 (DLI), 2011 WL 1239867, at *4 (E.D.N.Y. Mar. 30, 2011). While the plaintiffs argue that discovery would not have had to be reopened, the practical consequence would have been to render the January 20, 2017 close of discovery a dead letter. See Hnot, 2006 WL 2381869, at *3-5. The expert reports were submitted approximately nine days before the January 20, 2017 close of discovery. The defendants would have insisted on deposing the plaintiffs' experts, and then on retaining their own experts for rebuttal. The result would be additional expert reports, rebuttal expert reports, expert depositions, and other motion practice and unanticipated discovery applications to be resolved by the court. The parties have haggled over myriad insignificant issues in this case that have frequently required court intervention; there is no reason to believe that they would have streamlined their efforts to meet the discovery

9

deadline. The defendants would have been prejudiced by such a delay.

Magistrate Judge Cott acted within his discretion in enforcing the discovery schedule. He set a final deadline for expert disclosure. The parties were obliged to follow it, and to live with the potentially "severe" consequences if they failed to do so. Design Strategy, Inc. v. Davis, 469 F.3d 284, 294 (2d Cir. 2006); see also Hnot, 2006 WL 2381869, at *5 ("Nor is there anything remotely unreasonable or unjust in holding plaintiffs to major deadlines in a case management plan.").

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The objections are **overruled**. The Clerk of Court is directed to close all open motions.

**SO ORDERED.**

**Dated:    New York, New York**
         **March 25, 2017**              _____/s/_____
                                           **John G. Koeltl**
                                   **United States District Judge**