UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED REALTY ADVISORS, LP, JACOB FRYDMAN, ET AL.,
  Plaintiffs,

- against-

ELI VERSCHLEISER, ET AL.,
  Defendants.

14-cv-5903(JGK)
14-cv-8084(JGK)

MEMORANDUM OPINION AND ORDER

---

JOHN G. KOELTL, District Judge:

The defendants have made various motions in limine. This opinion disposes of all the motions in limine made by the defendants.

I.

The plaintiffs ask the Court to strike the defendants' witness list because it was produced two weeks after the May 14, 2018 deadline for the submission of the Joint Pre-Trial Order. Presumably, that would mean that the defendants are precluded from calling any witnesses because they were two weeks late in producing a witness list over a year ago and nearly a year and a half before the case reasonably could be tried. The plaintiffs have not indicated that they were prejudiced in any way by the two-week delay in producing the witness list. See Lujan v. Cabana Mgmt., Inc., 284 F.R.D. 50, 68 (E.D.N.Y. 2012) ("An omission or delay in disclosure is harmless where there is an absence of prejudice to the offended party.") (quotations

omitted). The argument, to put it charitably, has no merit. The request is **denied**.

## II.

### A.

The defendants move to preclude the plaintiffs from offering at trial any documents that were not produced in the course of discovery or that were produced in illegible form. It is unclear precisely what documents the defendants are referring to, and the plaintiffs profess that they have produced to the defense all of the documents that they propose to introduce and that they produced those documents to the defendants promptly. For example, they point to a videotape from Caesar's Palace and a September 15, 2014 incident report that were produced promptly to the defendants after the plaintiffs received them. There is no reason to question those representations. There may be other evidentiary obstacles to introducing that evidence at trial and the plaintiffs will be required to lay the proper evidentiary foundation for the evidence at trial if the documents are not stipulated admissible. With respect to this motion, there is no objection to the principle that the plaintiffs should not be permitted to offer any evidence at trial that was not produced to the defendants in the course of discovery in a legible form like that proposed to be offered at trial. There is in fact no dispute as to that well-established proposition. See Fed. R.

Civ. P. 37(c)(1). Therefore, the motion in limine is **denied without prejudice** as moot.

**B.**

The defendants move to preclude the introduction of a recording and/or a transcript of a telephone conversation between Gould, an employee of Cabot Lodge Securities, and defendant Verschleiser. The plaintiffs have produced an alleged transcript of that telephone conversation but have never produced the recording.

At his deposition, Gould testified that he made a recording of the conversation and gave a copy of the recording to Frydman or his attorneys, he could not recall which. Thereafter, he destroyed the original of the recording. The defendants argue that the transcript should not be admitted into evidence for a raft of reasons including that it is unauthenticated, that it is hearsay, and that the destruction of the original recording was in violation of the Federal Rules of Civil Procedure and the Code of Ethics that binds lawyers. In response to the motion, the plaintiffs argue that the motion is unnecessary because Gould will testify at trial and therefore the transcript will be unnecessary. Therefore, the plaintiffs argue: "This motion is an unnecessary waste of this Court's limited resources." Opp. At 8. That is not true. As a result of the motion, the transcript is

3

precluded from being introduced into evidence. That specific relief is not contested and is the only relief currently sought.

In a footnote, the plaintiffs blithely note that "[t]he transcript was created in the regular course of business and the original recording has not been destroyed." Opp. at 9, n. 2. That cannot be right. Gould testified that he deleted the original recording. The copy of the recording was at most the copy that was used to create the transcript. It is also difficult to believe that the transcript of the recording was made in the regular course of business rather than for purposes of litigation. But, in any event, it is clear that the transcript must be precluded from evidence.

Nevertheless, that leaves certain unanswered questions. How could the plaintiffs represent to the Court that the original recording "has not been destroyed," and that the transcript was "created in the regular course of business." Therefore, within 14 days, the plaintiffs shall submit affidavits sufficient to establish the accuracy of the representations that the "original recording has not been destroyed" and that the transcript was "created in the regular course of business." If there is a recording – even a copy – arrangements should be made to provide a copy to the defendants within the same fourteen-day period together with an affidavit explaining the provenance of the recording. These procedures in

no way detract from the order precluding the plaintiffs from introducing the transcript at trial but could be the basis for further applications to the Court.

C.

The defendants move to preclude the plaintiffs from mentioning, in the course of the trial, any prior arrests, criminal convictions, or drug history of any of the defendants. The defendants point out that these types of allegations have been included in the complaint and were the subject of examination at depositions. Somewhat remarkably, the plaintiffs say that the motion is premature and can be decided at trial, and point to the importance of the credibility of Mr. Verschleiser. But these are the kinds of issues that are proper subjects of motions in limine.

Nevertheless, it is clear that the parties should not mention any arrest history, prior convictions, or drug use relating to any of the defendants.

In considering whether to make any applications during the trial, the plaintiffs should be aware that arrests are not convictions and are not probative of credibility. See Roguz v. Walsh, No. 09-1052, 2013 WL 1498126, at *4 (D. Conn. Apr. 5, 2013) ("However, arrests are not admissible under Rule 609."); Fed. R. Evid. 609(a) ("The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal

conviction") (emphasis added). Moreover, the plaintiffs have not suggested that any of the defendants have been convicted of a felony so as to trigger Rule 609(a), nor have the plaintiffs suggested that any of the defendants have been convicted of a crime involving a dishonest act or false statement so as to trigger Rule 609(b). Further, prior drug use is generally not admissible for purposes of impeachment absent a showing that it had an effect on the witness's ability to perceive the events in question or that it impairs the testifying witness's memory. See, e.g., Furlong v. Circle Line Statue of Liberty Ferry, Inc., 902 F. Supp. 65, 69 (S.D.N.Y. 1995) (Chin, J.). The plaintiffs have not made such a showing in this case, nor is there any reason to believe that plaintiffs could introduce the evidence of drug use for the proper purpose of demonstrating the witness's testimonial capacities. Therefore, the motion is **granted without prejudice** to a showing by the plaintiffs that they intend to introduce the evidence of drug use for a proper impeachment purpose. Such a showing should be made outside the presence of the jury.

**D.**

The defendants move to exclude any mention during the trial, including through cross examination, of Our Place or its subsidiary, Magenu. These entities are purportedly charitable organizations that the plaintiffs believe are being misused by

6

Mr. Verschleiser. In response to the motion, the plaintiffs say that the motion is premature and that the plaintiffs should be entitled to "cross examine Verschleiser regarding these two organizations for the purposes of impeaching his credibility." Opp. at 10. That response is frivolous. There is a motion to preclude the plaintiffs from mentioning these two organizations because there is no good faith basis for examination on those subjects. That motion is certainly not premature. It is certainly a proper motion in limine. In response to the motion, the plaintiffs have offered no evidence to support any contention that there is anything that is improper in Mr. Verschleiser's alleged relationship to these organizations. It would have been useful if the parties had even cited the Federal Rule of Evidence directly on point - Federal Rule of Evidence 608. That Rule allows cross examination, in the discretion of the court, on instances of a witness's conduct to attack a witness's character for truthfulness, but excludes extrinsic evidence of such conduct. The plaintiffs have made no proffer that there is any evidence that examination of Mr. Verschleiser's relationship to these organizations would support an attack on his credibility. Because the plaintiffs have not attempted to justify their examination of Mr. Verschleiser on these subjects, the motion to preclude any mention of these organizations is **granted without prejudice** to any proffers that

7

the plaintiffs may make at trial outside the presence of the jury. There should be no reference to these organizations without raising the issue with the Court beforehand.

**E.**

The defendants move to preclude the plaintiffs from offering speculative testimony about lost business opportunities, such as the Opera Real Estate Deal and a mortgage loan being negotiated with Bancorp, and other lost opportunities, and the resulting lost profits. The speculative testimony would allegedly come from Mr. Frydman. The problem with the motion is that it appears to be a renewed motion for summary judgment. The plaintiffs point to the lack of evidence submitted in the context of the summary judgment motion to argue that there is insufficient evidence to support a claim of lost profits. The defendants argue: "At no point in any of the Plaintiffs' briefings to the Court have they offered any evidence to support their claims that such loses outlined above were caused as a direct and proximate result of Defendants' actions." Mot. at 4. The difficulty with that argument is that the time for presenting evidence is the trial. The defendants seek to preclude the plaintiffs from offering evidence in support of their claims without a sound basis. If the plaintiffs cannot support their claims, either the Court in response to a proper motion, or the jury, will reject them. That is not a

basis for precluding the ability of the plaintiffs to offer evidence.

Having said this, however, the response to the motion blurs numerous distinctions. The plaintiffs argue that simply because a business owner can testify to lost profits under Federal Rule of Evidence 701, the business owner should be permitted to speculate about lost profits. That is not true. There are numerous distinctions that the parties have not attempted to explain. For example, if there is evidence that the plaintiffs lost the Opera Real Estate deal because of the activities of the defendants, then the business owner should be allowed to explain the lost profits from that deal. But the business owner cannot be allowed to testify about the <u>motivations</u> of persons connected to Opera Real Estate in ceasing to do business with the plaintiffs. The same holds true for other businesses. Having established through evidence that business was lost, then the business owner can estimate the lost profits from that business based on the owner's expertise in dealing with similar businesses and the record of profits. See, e.g., <u>Securitron Magnalock v. Schnabolk</u>, 65 F.3d 256, 265 (2d Cir. 1995) ("A company president certainly is capable of projecting lost profits where the projection is based on evidence of decreased sales."); <u>Indiaweekly.com, LLC v. Nehaflix.com, Inc.</u>, No. 07-cv-0194, 2011 WL 13228299, at *4 (D. Conn. Jan. 21, 2011) ("As

founder and principal of Nehaflix, [he] presumably has sufficient personal knowledge of Nehaflix's alleged damages such that his lay witness testimony is appropriate under Rule 701.").

Therefore, the defendants may object to impermissible questions or testimony at trial in which a witness might attempt to speculate about what other people did or their reasons for taking actions if there is an insufficient evidentiary basis for the questions or the testimony. The motion <u>in limine</u> is otherwise **denied**.

### F.

The defendants move to preclude any testimony about the subjects covered by the expert reports that were stricken. The motion has no merit and is denied. The Court struck expert reports and testimony from experts where the reports were not timely produced. However, the Court made it clear that the plaintiffs could attempt to prove their case through fact witnesses in the usual course, subject, as always, to the applicable Federal Rules of Evidence, for example, Rules 401, 403, 602, and 701. <u>See</u> <u>Frydman v. Verschleiser</u>, No. 14-cv-5903, 2017 WL 1155919, at *3 (S.D.N.Y. Mar 27, 2017) ("[T]he plaintiffs' case is not foreclosed by the preclusion of the two experts. The plaintiffs can still, through fact evidence, attempt to prove their claims and establish damages."). Plainly, that would include testimony from witnesses who work for or are

associated with telecommunications companies responsible for producing the records at issue. Similarly, lay witnesses could testify about the subject of damages and traditionally do so. The motion to preclude is therefore **denied**.

### G.

The defendants seek to preclude the testimony of Alex Veen and any evidence produced by Veen as a result of the agreements and interactions between Veen and Frydman. Veen entered into an agreement with Frydman pursuant to which he received $275,000 as well as a consulting agreement that paid Veen $5,000 per month, and also provided Veen with 20% of any recovery in this case. In return, Veen produced an affidavit for Frydman and agreed to meet with him in preparation for testimony and to testify at trial. Veen also acted as an intermediary to explain to another defendant in this case that he could avoid further proceedings and walk away "with some coin and no problems." Dkt. No. 327-7, at 4-5. The defendants argue that these distasteful activities by Frydman require preclusion of any testimony or evidence from Veen because they are in violation of the federal bribery statute, 18 U.S.C. § 201, the ethical rules that apply to lawyers, and New York State law.

Unfortunately, the general state of the law at this point is that these reprehensible activities go to the credibility of the witness (and presumably also to Frydman's credibility) and

are matters for the jury to consider. See, e.g., Thomas v. City of New York, 293 F.R.D. 498, 507 (S.D.N.Y. 2013) (finding that the proper remedy for the post-trial discovery of a compensation agreement is a new trial and the submission of the compensation agreement to the jury to determine credibility); Metso Minerals, Inc. v. Powerscreen Intern. Distribution Ltd., 833 F. Supp. 2d 282, 319 (E.D.N.Y. 2011) (collecting cases establishing that a "compensated fact witness is competent to testify as long as the fact that payments were made to that witness is disclosed to the trier of fact."), rev'd on other grounds 526 F. App'x 988 (Fed. Cir. 2013). The defendants' lead case to support their position, Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Ass'n, 865 F. Supp. 1516 (S.D. Fla. 1994), has come under some criticism on this point. See Goldstein v. Exxon Research & Engineering Co., No. Civ. 95-2410, 1997 WL 580599, at *9 (D.N.J. Feb. 28, 1997) (collecting cases and concluding that "this court has grave doubts about the appropriateness of the sanction imposed in Golden Door Jewelry, given consistent appellate rulings in civil and criminal cases that the appropriate relief is to require full disclosure of the arrangement and permit full examination at trial."); Metso Minerals, 833 F. Supp. 2d at 319 (describing Golden Door as the rare case in which exclusion is the proper remedy).

To the extent that the alleged conduct by Frydman and others amounted to a violation of 18 U.S.C. § 201, the sanction for violations of 18 U.S.C. § 201 is not generally preclusion of the evidence. See United States v. Condon, 170 F.3d 687, 689 (7th Cir. 1999) ("Section 201(c)(2) is a criminal statute, not a private right of action or a rule of evidence."); Fed. R. Evid. 402 ("All relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court."). Rather, the sanction for alleged violations of 18 U.S.C. § 201 is that the Government may initiate a prosecution against the alleged violator. Similarly, even if the New York State ethics rules applicable to lawyers, of which Frydman is one, were violated, the defendants cannot point to any cases in which the approved sanction for such violations is preclusion of the testimony. Rather, the sanction is the usual sanction for violations of state Ethics Rules, namely disbarment, suspension of one's license, or a fine. See In re Novins, 986 N.Y.S.2d 53, 58 (App. Div. 2014); Matter of Robinson, 136 N.Y.S. 548 (App. Div. 1912). Moreover, the New York case law indicates that, rather than preclusion, payments to fact witnesses should be raised at trial as the basis for cross examination to show the interest of the witness in the outcome of the case. See, e.g., Caldwell v. Cablevision Sys.

13

Corp., 984 N.E.2d 909, 913 (N.Y. 2013) ("We agree with plaintiff that Supreme Court should have issued a bias charge specifically tailored to address the payment [made to the fact witness] . . . Supreme Court properly acted within its discretion in concluding that the fee payment was fertile ground for cross-examination and comment during summation.").

The defendants do raise one other issue to which the plaintiffs failed even to respond, namely, the allegation that the plaintiffs cut off the deposition of Veen prematurely and prevented him from accepting a subpoena for another deposition. There is no response to this allegation. Therefore, the ability of Veen to testify at the trial is contingent on his being made available as a witness at a renewed deposition limited to 2 hours to be conducted in New York by the end of October. Unless Veen testifies at such a deposition, his trial testimony will be precluded. The motion is otherwise **denied**.

### H.

The defendants move to exclude a recording and transcript of a conversation between Veen and Verschleiser. It appears that the recording has been produced to the defendants because they describe it as largely inaudible. Presumably a transcript has also been provided. The plaintiffs refer to this motion as similar to the motion about the Gould recording and transcript but in that case the plaintiffs specifically disclaimed any

14

intent to introduce the transcript at trial and they offered to have Gould testify to the conversation with Verschleiser. That may mean that the plaintiffs intend to call Veen as a witness and that they do not seek to introduce the recording or the transcript concerning the conversation between Veen and Verschleiser, but that is not clear.

To the extent that the motion to preclude is based on the potential violations of law or ethics in obtaining the recording, for the reasons explained in the prior motion, that would not be a basis for excluding the recording.

However, if the plaintiffs sought to introduce the recording, they would have to establish the necessary foundation for the recording by clear and convincing evidence. See United States v. Hemmings, 482 F. App'x 640, 643 (2d Cir. 2012); United States v. Ruggiero, 928 F.2d 1289, 1303 (2d Cir. 1991). Because there is a question of audibility, if that objection is pursued, the Court would hold an audibility hearing during trial before any such recording is played for the jury to assure that the recording is sufficiently audible for the recording to be played for the jury. See United States v. Mullen, 243 F.R.D. 54, 76 (W.D.N.Y. 2006) ("The determination of the admissibility of any tape recorded conversation, based on asserted inaudibility, must be made outside the presence of the jury.")

The motion to preclude the recording is **denied without prejudice** to renewal at trial if the plaintiffs fail to lay a proper evidentiary foundation.

**CONCLUSION**

For the reasons set out above, the plaintiffs' motion to strike the defendants' witness list is **denied**. The defendants' motions in limine are **denied** in part and **granted** in part as explained above. The Clerk is directed to close all pending motions.

**SO ORDERED.**

**Dated:** **New York, New York**
**October 3, 2019**

　　　　　　　　　　　　　　　　／s／ John G. Koeltl
　　　　　　　　　　　　　　　　John G. Koeltl
　　　　　　　　　　　　　　　　United States District Judge