UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED REALTY ADVISORS, LP, et al.,

    Plaintiffs,

vs.

ELI VERSCHLEISER, et al.,

    Defendants.
_____/

Civil Action No. 14-CV-5903
Civil Action No. 14-CV-8084

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

This matter is presently before the Court on defendant Eli Verschleiser's motion for reconsideration (ECF Nos. 522, 523) of the Court's January 7, 2022, order (ECF No. 520) denying his motion for additional discovery. Plaintiffs have responded. (ECF No. 524). Pursuant to S.D.N.Y. LR 6.3, the Court shall decide this motion without a hearing. For the following reasons, the Court shall deny the motion.

On December 21, 2021, defendant Verschleiser filed a motion for additional discovery contending that "certain files and data had been deleted from [plaintiff Jacob] Frydman's equipment during sometime in 2016, when Mr. Frydman was transitioning files and data onto a new server." (ECF No. 518, Page 3). He further asserted that many of the missing documents are relevant to issues "at the heart of this matter," yet plaintiffs failed to take any action to preserve the material and have refused to respond to defendant's inquiries or produce any of the requested documents. (*Id.*, Pages 3, 7-11).

In denying defendant's motion, the Court explained:

> This lawsuit has been ongoing for over seven years, the discovery deadline has long since passed, and the case is ready to be tried. As the Court communicated to the parties in an October 29,

> 2021, email . . . , the ongoing health crisis and consequent procedures in place in the Southern District of New York have delayed resolution of this matter. The Court hopes to set a trial date during the second quarter of 2022. Although the Court will not re-open discovery at this advanced stage of litigation, defendant may raise the concerns expressed in the instant motion at trial and the Court will take appropriate action at that time. If any party to this lawsuit has failed in their duty to provide the discovery that is required pursuant to this Court's orders, Court rules, case law, or statute, the Court will exercise its discretion to order warranted relief or sanctions.

(ECF No. 520, Pages 1-2).

In the instant motion, defendant asks the Court to reconsider its decision because (1) his request to re-open discovery "is extremely limited in scope"; (2) if deprived of the requested discovery, he "will more than likely be deprived from litigating [his] case fairly"; and (3) plaintiffs would not be prejudiced if his requested relief was granted. (ECF No. 523, Page 7). In response, plaintiffs contend that "Defendant's motion is procedurally and substantively infirm and must be denied." (ECF No. 524, Page 2).

Fed. R. Civ. P. 60 sets forth criteria for determining whether relief from a final order is warranted. It provides six bases for such relief:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Second Circuit has explained that "[p]roperly applied Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. . . . Since

60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (citations omitted).

Pursuant to Local Rule 6.3, "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." A judge in the Southern District of New York has explained:

> [A] party seeking reconsideration must set forth concisely the matters or controlling decisions which counsel believes the court has overlooked . . . . The standard for reconsideration under Local Rule 6.3 is strict, and reconsideration will generally be denied unless a moving party can point to matters that might reasonably be expected to alter the conclusion reached by the court.
>
> A motion to reconsider should not be granted where the moving party is solely attempting to relitigate an issue that already has been decided. Furthermore, reconsideration is not an invitation for parties to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings. Indeed, [t]he purpose of the local rule confining reconsideration to matters overlooked and barring the submission of affidavits unless authorized by the court is to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.

*In re CRM Holdings, Ltd. Securities Litig.*, No. 10 CIV 00975, 2013 WL 787970, at *3 (S.D.N.Y. Mar. 4, 2013) (internal quotation marks and citations omitted).

Defendant filed his motion for reconsideration on April 8, 2022, ninety-one days after the Court entered its order denying his motion to re-open discovery. Moreover, defendant has failed to set forth a satisfactory basis for the requested relief. He cites no mistake, newly discovered

3

evidence, fraud, or intervening change in controlling law that would justify reconsideration of, or relief from, the Court's order; nor has he demonstrated that the present circumstances are exceptional. Defendant is merely attempting to relitigate an issue that has already been decided by this Court. Further, although defendant asserts that the information he seeks is "highly material" to this case (ECF No. 523, Page 6), he has failed to provide any details regarding the nature or relevance of the evidence sought. Instead, he indicates that the instant motion to re-open discovery stems from a failed discovery request in the case of *Winter Invs., LLC, et al. v. Panzer, et al.* (14-CV-06852), an unrelated dispute between defendant Verschleiser and plaintiff Frydman that was dismissed with prejudice in September 2021. (ECF No. 523, Pages 4-5; ECF No. 524-1, Pages 3-4).

The discovery deadline in this case passed years ago and this matter is ready to be tried. On April 7, 2022, the Court entered an amended trial notice in this case, setting the trial date for June 16, 2022. (ECF No. 521). Defendant has failed to present a justifying basis for disrupting the finality of this Court's order or further delaying resolution of this case. As previously indicated, defendant may raise any of the concerns expressed in the instant motion at trial and the Court will take appropriate action at that time. Accordingly,

IT IS ORDERED that defendant Eli Verschleiser's motion for reconsideration is denied.

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE  
SITTING BY SPECIAL DESIGNATION

Dated: April 22, 2022  
      Detroit, Michigan