UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED REALTY ADVISORS, LP, et al.,

    Plaintiffs,

vs.

ELI VERSCHLEISER, et al.,

    Defendants.

_____/

Civil Action No. 14-CV-5903
Civil Action No. 14-CV-8084

HON. BERNARD A. FRIEDMAN

### OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO INTRODUCE THE DEPOSITION TESTIMONY OF ALEXANDER VEEN

This matter is presently before the Court on plaintiffs' motion for leave to introduce the deposition testimony of Alexander Veen. (14-CV-8084, ECF No. 430). Defendant Verschleiser has responded in opposition (14-CV-5903, ECF No. 542; 14-CV-8084, ECF No. 438) and plaintiffs have replied (14-CV-8084, ECF No. 439). For the following reasons the Court shall deny the motion.

Plaintiffs state that "Alexander Veen is a third-party witness in this case who used his technical expertise to create fake websites, blogs, and other postings on the internet at the direction of Defendant Verschleiser to further Defendant Verschleiser's campaign of false and fraudulent claims against Plaintiff Frydman." (*Id*., Page 2). Plaintiffs note that Veen was deposed on September 14, 2016, and that both plaintiffs and defendants were present at his deposition. (*Id*.).

However, on May 2, 2018, defendants filed a motion in limine requesting that the Court exclude Veen's deposition testimony at trial. (14-CV-8084, ECF No. 328). In that motion, defendants raised various arguments opposing the introduction of this testimony. As relevant here, one such argument asserted that "Plaintiffs and their counsel ended Veen's deposition approximately

40 minutes early, depriving the Verschleiser parties of their right to cross examine the deponent with the remaining time." (*Id.*, Page 8). Additionally, defendants argued that

> [p]laintiffs' counsel engaged in further obstructionist acts by preventing service of process upon Veen by [defense counsel]. . . . On the date in question, [defense counsel] attempted to serve a subpoena on Veen to compel his attendance at a later deposition, as he understood that Veen resides in the Ukraine and would be near-impossible to track down to serve at a later date.

(*Id.*, Page 9). However, defendants asserted that plaintiffs' counsel "physically blocked [defense counsel] from attempting to serve Veen[,] . . . ushered Veen out of the room[,] and sequestered him in an area that was not accessible to [defense counsel]." (*Id.*). Plaintiffs failed to address any of these arguments in their response to that motion. (14-CV-8084, ECF No. 338). In an October 3, 2019, opinion and order, the Court acknowledged plaintiffs' non-response on this important issue and held in relevant part:

> [T]he ability of Veen to testify at trial is contingent on his being made available as a witness at a renewed deposition limited to 2 hours to be conducted in New York by the end of October. Unless Veen testifies at such a deposition, his trial testimony will be precluded.

(14-CV-8084, ECF No. 395, Page 14).

In the instant motion, plaintiffs contend that the court-imposed preconditions on the introduction of Veen's deposition testimony should be waived. Plaintiffs state:

> Despite multiple good faith attempts by Plaintiffs to procure Mr. Veen for deposition, he refused to return to New York from Ukraine citing the passage of time and a fear of Defendant Verschleiser. In the intervening years, the COVID-19 pandemic wreaked havoc on all parts of society and disrupted travel and the judicial process. More recently, and particularly pertinent to Mr. Veen, a war erupted in Ukraine when Russia invaded its borders.

✸ ✸ ✸

> Since this case was set for trial, Plaintiffs have continued to try and locate Mr. Veen in yet further attempts to seek to conduct a remote deposition of Mr. Veen, but such efforts have not been able to locate Mr. Veen and seek such a remote deposition.
>
> Given the global changed circumstances, it would be inequitable . . . to preclude Mr. Veen's testimony, as Plaintiffs cannot make any assurance or offer any confidence that Mr. Veen will be able to be located, and that he will agree to sit for a remote deposition or that a remote deposition could even be taken given the war-torn state of his last known location.

(14-CV-8084, ECF No. 430, Page 2-3). Plaintiffs again fail to acknowledge defendants' prior arguments regarding defense counsel's inability to cross examine Veen at the September 14, 2016, deposition or subpoena him for a renewed deposition. Rather, plaintiffs merely state that they "anticipate that Defendants will argue that they are prejudiced by the use of Mr. Veen's deposition testimony at trial," and contend that defendants are at fault for failing to "diligently pursu[e]" his renewed deposition. (*Id*., Page 6). Plaintiffs further argue that "it is inconceivable that [defendants] will be unfairly prejudiced by the . . . use of [Veen's] testimony at trial" because "[d]efendants themselves sought to admit [portions] of Mr. Veen's deposition." (*Id*., Page 7). Plaintiffs therefore request an expedited order allowing the introduction of Veen's testimony at trial. (*Id*., Page 1).

Although the COVID-19 pandemic and the war in Ukraine are certainly extraordinary circumstances, the Court shall abide by the law of the case. The Second Circuit has stated:

> The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. . . .
>
> This doctrine is admittedly discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment. . . . [T]he major grounds justifying reconsideration are an intervening

> change of controlling law, the availability of new evidence, or the
> need to correct a clear error or prevent manifest injustice.

*DeLaura v. Power Auth. of State of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992) (internal quotation marks and citations omitted).

Here, plaintiffs have failed to present a change of controlling law, new evidence, a clear error in need of correction, or a manifest injustice. Although plaintiffs contend that they "will suffer great prejudice if they cannot introduce [Veen's] testimony" (14-CV-8084, ECF No. 430, Page 8), they have repeatedly failed to address defendants' arguments regarding plaintiffs' alleged obstructionist tactics. As a judge in this district has explained:

> Under Federal Rule of Evidence 804(b)(1), deposition testimony is admissible as an exception to the evidentiary hearsay exclusion so long as the deposition proceeded in compliance with law, and the party against whom the testimony is offered had an opportunity to develop the testimony by cross-examination. Actual cross-examination is not required, but merely an opportunity to exercise the right to cross-examine if desired. This opportunity cannot be an empty formality; it must be full, substantial and meaningful in view of the realities of the situation. Application of this legal standard is a matter calling for the trial court's discretion, which will depend on its evaluation of the realities of cross-examination. . . .

*Curry v. Phillip Morris USA*, No. 93 CIV. 2395(CSHI), 1995 WL 594856, at *1 (S.D.N.Y. Oct. 6, 1995) (internal quotation marks and citations omitted). "[D]eposition testimony not subject to the crucible of cross-examination [i]s inadmissible." *Id.* at *2 (internal quotation marks omitted). Given plaintiffs' alleged obstruction of defendants' cross-examination and renewed deposition of Veen, their failure to address, or even acknowledge, these allegations, and their failure to abide by the Court's October 3, 2019, order, the Court shall preclude Veen's testimony at trial. Accordingly,

IT IS ORDERED that plaintiffs' motion for leave to introduce the deposition testimony of Alexander Veen (14-CV-8084, ECF No. 430) is denied.  Both parties are precluded from introducing this testimony at trial.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE
SITTING BY SPECIAL DESIGNATION

Dated: June 10, 2022
       Detroit, Michigan