UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED REALTY ADVISORS, LP, JACOB FRYDMAN, ET AL.,
                Plaintiffs,

- against -

ELI VERSCHLEISER, ET AL.,
                Defendants.

14-cv-5903 (JGK)
14-cv-8084 (JGK)

MEMORANDUM OPINION AND ORDER

---

**JOHN G. KOELTL, District Judge:**

The plaintiffs sought an order pursuant to Fed. R. Civ. P. 43(a) permitting Brian Buehler and Intermedia.net to testify remotely at trial. The grounds for the motion as stated were that Mr. Buehler resides in California and Intermedia.net is headquartered in California and it would be inconvenient for those witnesses to travel from California to New York to appear personally at trial, particularly in view of the problems caused by Covid.

The application is **denied**. Live testimony in a jury trial remains the standard so that jurors can assess the credibility of the witnesses. While a court has the discretion to permit testimony by transmission from a different location, it should only be allowed for "good cause in compelling circumstances." Fed. R. Civ. P. 43(a). The plaintiffs have failed to present good cause or compelling circumstances but have relied on arguments of inconvenience which should have been known to them

throughout discovery, at which point they could have preserved the testimony of the witnesses through depositions. The Advisory Notes to Rule 43 make it clear that "[t]he opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." Fed. R. Civ. P. 43(a) advisory committee notes to 1996 amendment.

Nor is Covid a reason to avoid a personal appearance. Trials have been proceeding for a significant period in this Courthouse without a problem caused by Covid, and parties are able to travel to this metropolitan district despite the lingering effects of Covid.

In their reply, the plaintiffs attempt to bolster their application with additional reasons that were not included in their moving papers. Arguments in reply to which the defendants did not have the opportunity to respond are not a proper basis for granting a motion and, in any event, the plaintiffs' arguments are unpersuasive. The plaintiffs proffer that Mr. Buehler is prepared to appear voluntarily in California and that they could not subpoena him for testimony in New York. His deposition was not taken in the course of discovery. The papers are actually silent as to whether Mr. Buehler would voluntarily travel to New York. In any event, these are not compelling

reasons to permit his testimony by transmission from California. If his testimony was important to the plaintiffs' case, the plaintiffs should have preserved that testimony through a deposition taken in the course of discovery.

The new reasons proffered for Intermedia.net are even less persuasive. The plaintiffs concede that Intermedia.net has an office in New York and that a representative of that office could testify, but they claim that a representative from California would be more knowledgeable. They also contend that while a deposition was taken from a representative of Intermedia.net, the defendants did not appear at that deposition, and it would be fair therefore to have a more knowledgeable representative of Intermedia.net testify at trial, where the defendant could cross examine, rather than to introduce the deposition testimony. But the defendants did not consent to this application and are apparently more satisfied to have the plaintiffs rely on the deposition. In any event, the plaintiffs have not presented a compelling reason to justify taking testimony by transmission rather than relying on the record they made in the course of discovery.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not discussed above, the arguments are either moot or without merit. The plaintiffs' application to take the testimony

of Brian Buehler and Intermedia.net by contemporaneous transmission is **denied**.

**SO ORDERED.**

Dated:  New York, New York
        September 6, 2022

                                    _____
                                    John G. Koeltl
                                    United States District Judge

4