UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED REALTY ADVISORS, LP, ET AL.,

               Plaintiffs,

    - against -

ELI VERSCHLEISER, ET AL.,

               Defendants.

14-cv-5903 (JGK)

JACOB FRYDMAN, ET AL.,

               Plaintiffs,

    - against -

ELI VERSCHLEISER, ET AL.,

               Defendants.

14-cv-8084 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The defendants, Eli Verschleiser, Raul Del Forno, Ophir Parnasi, and Alex Onica, have filed a motion in limine to preclude the plaintiffs, Jacob Frydman, United Realty Advisors, LP, and Prime United Holdings, LLC, from offering at trial any evidence obtained from Intermedia.net, Inc. ("Intermedia"), including the deposition of Intermedia employee Ryan Cartmell dated December 6, 2016. The motion is **denied**.

The central thrust of the motion in limine is that in a state court action in 2014, Justice Bransten of the New York State Supreme Court, New York County, ordered the plaintiffs to

1

return documents obtained from Intermedia and not to use them
because they had been improperly obtained. See Zisholtz Decl.,
Ex. A, ECF No. 567-2.[1] It appears that those documents were
returned. In any event, subsequent to that state court order, in
the course of managing discovery in this case, Magistrate Judge
Cott ordered the defendants in this case to authorize the
production of the documents from Intermedia and the defendants
agreed to do so. See ECF Nos. 201, 202, 203, 206, 207, 212; see
also Oct. 6, 2016 Conference Tr., ECF No. 571-1, at 53-54. The
defendants conspicuously ignore this history.

Moreover, in ruling on previous motions in limine, this
Court noted that simply because the plaintiffs' expert testimony
regarding telecommunications records had been precluded because
of the untimely designation of experts by the plaintiffs, that
did not preclude the plaintiffs from presenting fact witnesses
from telecommunications companies to explain the records
produced by those companies. United Realty Advisors, LP v.
Verschleiser, No. 14-cv-5903, 2019 WL 4889420, at *4 (S.D.N.Y.
Oct. 3, 2019).  That is precisely what the plaintiffs seek to do
with the testimony of Mr. Cartmell. Indeed, the defendants
previously conceded that the plaintiffs could use logs obtained

---

[1] Unless otherwise specified, all citations to ECF entries in
this Memorandum Opinion and Order refer to entries on the docket
in Case No. 14-cv-5903.

from Intermedia. See, e.g., ECF No. 420, at 6 (defendants'
submission stating that a prior Order of the Court "allows
Plaintiffs to present the Intermedia logs"). Therefore, to the
extent that the defendants rely on Justice Bransten's prior
order in the state court case, that order is no bar to the use
of the documents obtained from Intermedia and it is not a bar to
the admission of the deposition of Mr. Cartmell.

   With respect to the defendants' evidentiary objections to
the introduction of the deposition transcript of Mr. Cartmell,
those objections also have no merit. First, the defendants were
given numerous opportunities to lodge specific objections to the
deposition of Mr. Cartmell and they failed to do so. The only
objection that they raised was a general objection, raised with
respect to all of the depositions, that the deposition testimony
was hearsay. See ECF No. 431-4, at 12-13 (Dkt. 14-cv-8084). But
the defendants have not disputed that the deposition of Mr.
Cartmell was properly noticed and that Mr. Cartmell is now
unavailable because he lives in California and is not subject to
the subpoena power of the Court. See Fed. R. Evid. 804(a)(5)(A),
804(b)(1); see also Fed. R. Civ. P. 32(a). Therefore, the only
properly noticed objection is overruled.

   In the motion in limine, the defendants also raise a series
of arguments that they waived by not raising them in a timely
fashion. In any event, they are without merit. The defendants

argue that Mr. Cartmell is giving expert testimony and that he
has not been designated as an expert. However, his testimony is
proper as testimony of a lay witness testifying about the
documents from the corporation where he works based on his
personal knowledge of those records. That testimony is proper
lay testimony. See, e.g., United States v. Rigas, 490 F.3d 208,
222-24 (2d Cir. 2007) (employee testifying about company
documents and practices based on his own "personal knowledge of
[the company's] books" gave admissible lay witness testimony
under Fed. R. Evid. 701, not "impermissible expert testimony").
Moreover, Mr. Cartmell's deposition was precisely the type of
testimony that this Court indicated that the plaintiffs could
offer to attempt to prove their case after their expert
testimony was excluded. See ECF No. 493, at 10-11.[2]

The defendants also argue that the testimony should be
excluded under Fed. R. Evid. 403, but that argument is premised
on the allegation that the testimony is based on the
impermissible documents that Justice Bransten ordered to be
returned to the defendants. The defendants fail to explain why
documents that were specifically authorized to be produced by
Magistrate Judge Cott, and which the defendants agreed to

---

[2] While not specifically raised by the parties, deposition pages
195 to 196 are not admissible because they contain only colloquy
by the lawyers and not testimony by the deponent. See Cartmell
Deposition Tr., ECF No. 564-1, at 195-96.

produce, see ECF No. 571-1, at 53-54, are improperly used in this case. Therefore, the defendants' only argument of unfair prejudice evaporates, and the defendants have failed to show why the relevance of the testimony is outweighed by any danger of unfair prejudice. See Fed. R. Evid. 403.

The motion in limine is therefore denied.

SO ORDERED.

Dated:    New York, New York
          October 17, 2022

_____
John G. Koeltl
United States District Judge