```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
―――――――――――――――――――――――――――――――

UNITED REALTY ADVISORS, LP, ET AL.,
                   Plaintiffs,        14-cv-5903 (JGK)

     - against -                       MEMORANDUM OPINION
                                                   AND ORDER
ELI VERSCHLEISER, ET AL.,
                   Defendants.
―――――――――――――――――――――――――――――――

**JOHN G. KOELTL, District Judge:**

    The plaintiffs Jacob Frydman ("Frydman"), United Realty Advisors, LP ("United Realty"), and Prime United Holdings, LLC ("Prime United"), (collectively, "the plaintiffs"), brought these consolidated cases against multiple defendants, including, as relevant here, Ophir Pinhasi ("Pinhasi"), contending that the defendants violated various federal and state laws. In 2018, several defendants, including Pinhasi, allegedly made a Federal Rule of Procedure 68 offer of judgment wherein they offered to settle the case and accept a judgment in favor of the plaintiffs for $2,500,000. Pursuant to the offer, Defendant Pinhasi would have been jointly and severally liable for an amount up to $1,000,000.

    The plaintiffs rejected the offer and proceeded to trial against Defendants Pinhasi and Eli Verschleiser ("Verschleiser") in late 2022. The jury awarded $2,133,005 in damages on a subset of the plaintiffs' claims against Verschleiser and this Court entered judgment for $3,234,906.04. The jury found in Pinhasi's

favor on all the claims against him. Pinhasi now moves for costs and attorney's fees pursuant to Rule 68, contending that his offer of $1,000,000 was greater than the judgment that the plaintiff-offerees ultimately obtained against Pinhasi ($0), and that he is therefore entitled to costs and attorney's fees incurred after the offer was made. Additionally, he contends he should be awarded costs and attorney's fees pursuant to Rule 54(d) and 28 U.S.C. § 1927.

I.

The Court assumes familiarity with the history of this case, which has been described in the Court's previous opinions. See, e.g., ECF Nos. 126, 366, 371, 590, 630, 632. The following summary sets forth only those facts necessary to contextualize the ruling on Defendant Pinhasi's motion for costs and attorney's fees.

The plaintiffs commenced these cases in 2014 and consolidated them in May 2015. ECF No. 63. On July 13, 2015, the plaintiffs filed their Consolidated Second Amended Complaint ("Complaint"). ECF No. 71. The Complaint alleged twenty counts of violations of federal and New York State laws by ten named defendants. Id. The claims related to the plaintiffs' allegations that Verschleiser, with the assistance of others, engaged in a coordinated campaign to harm the plaintiffs after

Frydman ousted Verschleiser's from their shared real estate business. See, e.g., Compl. ¶¶ 18-19.

On May 1, 2018, Defendants Verschleiser, Multi Capital Group of Companies, LLC ("Multi Group"), Raul Delforno, Pinhasi, and Alex Onica allegedly made a joint and several offer of judgment pursuant to Federal Rule of Civil Procedure 68 to settle the case for $2,500,000, inclusive of all costs, prejudgment interest, and reasonable attorney's fees accrued. Pinhasi Decl., Ex. A. ("Offer of Judgment"), ECF No. 636-1. The Offer of Judgment specified that Defendant Verschleiser would be "jointly and severally liable for the total sum of $2,500,000" while the remaining defendants—including Pinhasi—would be "jointly and severally liable for a sum up to $1,000,000." Id.[1] The plaintiffs did not accept the offer and the case proceeded to trial.

Over the course of eight years of litigation, many defendants were dismissed, and the plaintiffs sought and secured a default judgment against the defendant Multi Group. See ECF No. 475. In late 2022, the plaintiffs tried their remaining claims against the two remaining defendants, Verschleiser and Pinhasi, before a jury. See ECF Nos. 592-612. The jury found in

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

3

Pinhasi's favor on all the claims against him, including claims brought pursuant to the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.; the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, et seq.; the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510 et seq., the Stored Communications Act ("SCA"), 18 U.S.C. § 2701 et seq., misappropriation of trade secrets, and conversion. See Trial Tr. at 1127-33, ECF No. 612.

The jury found in Verschleiser's favor on the state law claims for libel per se, trade libel, and intentional infliction of emotional distress. Id. However, the jury found unanimously that Verschleiser had violated RICO, the CFAA, the ECPA, and the SCA. The jury also found Verschleiser liable for misappropriation of trade secrets, breach of contract, tortious interference with existing contractual relations, tortious interference with prospective business relations, and conversion. Id. The jury awarded a total of $2,133,005 in damages for the claims for which Verschleiser was found liable. Id. 1133-34. This Court entered a judgment in the amount of $3,234,906.04 against Verschleiser. ECF No. 591.[2] The Court

---

[2] This number includes $1,101,899.04 in prejudgment interest. ECF No. 591. The judgment also provided that Multi Group was liable jointly and severally with Verschleiser in the amount of $3 for RICO damages, as well as for any attorney's fees and costs. ECF No. 591.

4

subsequently entered an Order awarding the plaintiffs $306,970.52 in costs and attorney's fees against Verschleiser and Multi Group. ECF No. 632.

Pinhasi now moves for costs and attorney's fees pursuant to Rule 68, Rule 54(d), and 28 U.S.C. § 1927. Pinhasi argues primarily that Pinhasi served the plaintiffs with a Rule 68 Offer of Judgment in the amount of $1,000,000, and that the plaintiffs ultimately recovered $0 against Pinhasi, thereby entitling him to attorney's fees pursuant to Rule 68.

Only Plaintiff Frydman responded to the motion. Frydman argues that Rule 68 does not apply because the $3,234,906.04 judgment against Verschleiser exceeded the $2,500,000 offer of judgment made by the defendants—including Verschleiser—jointly and severally. Frydman did not respond to Pinhasi's arguments that Pinhasi is entitled to attorney's fees under Rule 54(d) and 28 U.S.C. § 1927.

For the following reasons, Pinhasi's motion for an award of costs and attorney's fees pursuant to Rule 68, Rule 54(d), and 28 U.S.C. § 1927 is **denied**.

## II.

Rule 68 provides that an offeree who rejects an offer of judgment must pay the costs incurred after the offer was made if the judgment finally obtained by the offeree is "not more favorable" than the offer. See Fed. R. Civ. P. 68(d).

5

Essentially, "Rule 68 is a cost-shifting rule designed to encourage settlements without the burdens of additional litigation." Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d 224, 229 (2d Cir. 2006). To determine whether the defendant is entitled to costs, courts must compare the Rule 68 offer to the ultimate judgment. If the offer exceeds the judgment, then the defendant is entitled to costs, and the court must next determine whether those costs include attorney's fees. As used in Rule 68(d), "costs" include attorney's fees where the underlying statute provides for an award of attorney's fees as part of costs. See Marek v. Chesny, 473 U.S. 1, 9 (1985).

In Delta Air Lines, Inc. v. August, 450 U.S. 346, 348 (1981), the Supreme Court considered "whether the words 'judgment finally obtained by the offeree' as used in [Rule 68] should be construed to encompass a judgment against the offeree as well as a judgment in favor of the offeree." The Supreme Court concluded that Rule 68 does not apply where the defendant prevails. See id. at 352 (concluding the Rule is "simply inapplicable to this case because it was the defendant that obtained the judgment"); see also In re Water Valley Finishing, Inc., 139 F.3d 325, 328 (2d Cir. 1998) ("Rule 68 applies only when offers are made by the defendant and a judgment is obtained by the plaintiff."); Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 334 (5th Cir. 1995) (per curiam) ("[T]he rule is

6

not applicable when a defendant actually prevails over the plaintiff."); Poteete v. Cap. Eng'g, Inc., 185 F.3d 804, 806 (7th Cir. 1999) ("Rule 68 is applicable only to cases the defendant loses."); Bennouchene v. Videoapp, Inc., No. 19-cv-6318, 2020 WL 495374, at *2 (S.D.N.Y. Jan. 30, 2020) ("[T]he U.S. Supreme Court confirmed that Rule 68 only applies to situations where the plaintiff obtained a judgment for less than the Rule 68 offer, not when the plaintiff lost.").

Unlike this case, where the plaintiffs prevailed in part against one of the two defendants, Delta involved a single defendant who prevailed completely against the plaintiff. However, in Louisiana Power, the Fifth Circuit Court of Appeals considered a case similar to this one, where the plaintiff recovered $500,000 against certain defendants but nothing against the defendant seeking attorney's fees pursuant to Rule 68. The court determined that Delta controlled, reasoning that the "defendant [at issue] actually prevailed totally against [the] plaintiff," irrespective of the judgment that the plaintiff obtained against other defendants. See Louisiana Power, 50 F.3d at 334. Accordingly, because Pinhasi prevailed at trial, the Supreme Court's decision in Delta precludes recovery of costs and fees pursuant to Rule 68.

7

**III.**

In a single sentence, located in a footnote, Pinhasi contends that he "is also entitled to his costs under FRCP 54(d), which provides that costs should be awarded to the prevailing party." Mem. of L. in Supp. of Mot. for Costs & Attorney's Fees ("Mem. in Supp.") at 3 n.1, ECF No. 633. He asserts in the supporting Memorandum and in his Declaration that his costs amount to $18,738.84 but does not provide a breakdown of the costs or any supporting documentation. See Mem. in Supp. at 3; Pinhasi Decl. ¶ 9.[3]

Pursuant to Rule 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); see also Marx v. Gen. Revenue Corp., 568 U.S. 371, 376-78 (2013). Rule 54(d) "grants costs to a

---

[3] The costs listed by Pinhasi do not include attorney's fees and therefore it is unclear whether Pinhasi requests costs and attorney's fees pursuant to Rule 54(d), or just costs. In any event, Rule 54(d)(2) provides that a prevailing party seeking attorney's fees must file and serve a motion for attorney's fees "no later than 14 days after the entry of judgment" and that the motion must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." See Fed. R. Civ. P. 54(d)(2)(B); see also Sorenson v. Wolfson, 170 F. Supp. 3d 622, 627 (S.D.N.Y. Mar. 21, 2016) ("Rule 54(d)(2)(B) provides the procedure to file a claim for attorneys' fees where they are authorized under another statute . . . ."). Pinhasi has not satisfied these requirements or identified a specific statute entitling him to an award of attorney's fees and, accordingly, cannot recover attorney's fees under Rule 54(d)(2).

prevailing party as a matter of course in the absence of a countervailing statute or rule, unless the trial judge directs otherwise." Cosgrove v. Sears, Roebuck & Co., 191 F.3d 98, 101 (2d Cir. 1999).

However, "the district courts [are] free to adopt local rules establishing standards for timely filing of requests for costs." White v. New Hampshire Dept. of Emp. Sec., 455 U.S. 445, 454 n.17 (1982). The Local Rules for this Court specify that the party seeking to recover costs pursuant to Rule 54 "must file with the clerk a notice of taxation of costs by ECF" "[w]ithin 30 days after the entry of final judgment, or, in the case of an appeal by any party, within 30 days after the final disposition of the appeal." Local Rule 54.1(a). The party must annex a Bill of Costs which should include an affidavit that the costs claimed are allowable by law, correctly stated, and necessarily incurred. Id. Further, "[b]ills for the costs claimed must be attached as exhibits." Id.

In this case, Pinhasi has not filed a notice of taxation of costs with the Clerk or provided a Bill of Costs. Instead, Pinhasi raises his Rule 54(d) claim for costs in a single footnote in a memorandum of law otherwise dedicated to his

claims for costs and attorney's fees pursuant to Rule 68 and 28 U.S.C. 1927. This is plainly inadequate.

Pinhasi should comply with this District's procedure for taxing costs and present a Bill of Costs to the Clerk. See Overseas Direct Imp. Co., Ltd. v. Fam. Dollar Stores Inc., No. 10-cv-4919, 2013 WL 5988937, at *3 (S.D.N.Y. Nov. 12, 2013) (observing that "neither party has referred to the proper procedure in this District for taxing costs" and directing the defendant to present its Bill of Costs to the Clerk); see also Behrmann v. Farrell, No. 6-cv-51, 2006 WL 2771870, at *8 n.7 (S.D.N.Y. Sept. 26, 2006) (noting that the defendants requested costs for the first time in a Reply Memorandum and directing the parties that "if a request for costs is pursued, the parties should follow the procedures under Rule 54(d)(1)").

Ordinarily, Pinhasi's motion for Rule 54(d) costs would be untimely because he did not file a notice of taxation of costs with an attached Bill of Costs within thirty days of the final judgment. See Local Rule 54.1(a). However, in this case, thirty days have not yet elapsed after the final disposition of Verschleiser's appeal. See United Realty Advisors, LP v. Verschleiser, Nos. 22-3235-cv, 23-11-cv & 23-938-cv, 2024 WL 4380274 (2d Cir. Oct. 3, 2024) (summary order); see also Local

Rule 54.1(a) (parties should file Bill of Costs "within 30 days after the final disposition of the appeal [by any party]").

### IV.

Finally, Pinhasi claims he is entitled to attorney's fees pursuant to 28 U.S.C. § 1927 which provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The standard for a motion for sanctions pursuant to § 1927 is high. "To impose sanctions under either [§ 1927 or the court's inherent authority], the trial court must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." Agee v. Paramount Commc'ns, Inc., 114 F.3d 395, 398 (2d Cir. 1997).[4]

In other words, the Court must find that the offending party acted in bad faith before awarding sanctions. Id.; see also United States v. Int'l Brotherhood of Teamsters,

---

[4] Alongside § 1927, courts and parties frequently invoke the district court's "'inherent power' to award attorneys' fees against the offending party and [that party's] attorney when it determines a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Agee, 114 F.3d at 398 (quoting Sierra Club v. U.S. Army Corps of Eng'rs, 776 F.2d 383, 390 (2d Cir. 1985)). As the Second Circuit Court of Appeals noted in Agee, the standard is the same under either authority, although in this case Pinhasi only cites to § 1927.

11

Chauffeurs, Warehousemen & Helpers of Am., 948 F.2d 1338, 1345 (2d Cir. 1991) ("Bad faith is the touchstone of an award under this statute."). Accordingly, the Second Circuit Court of Appeals has held that "an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986). And, as the Court previously held in this case, "§ 1927 is not a catch-all provision designed to penalize attorneys for making bad arguments." United Realty Advisors, LP v. Verschleiser, No. 14-cv-5903, 2015 WL 3498652, at *2 (S.D.N.Y. June 3, 2015).

In this case, the parties' "scorched earth practices" appear to have been mutual. See United Realty Advisors, LP v. Verschleiser, No. 14-cv-5903, 2023 WL 4141545, at * 1 (S.D.N.Y. Jun. 23, 2023). This Court previously concluded that "[t]he plaintiffs have . . . engaged in unproductive and ill-advised litigation conduct that inevitably inflated the amount of attorney time devoted to these cases." Id. at *7. However, the Court also acknowledged that "the defendant certainly bears some responsibility for needlessly increasing the hours expended on these actions." Id.; see also, e.g., Feb. 17, 2015 Tr. at 11, No. 14-cv-8084, ECF No. 43 ("[B]oth sides have abused the litigation process."). Because the multiplication of proceedings

12

appears to have been a joint effort, § 1927 does not justify sanctioning the plaintiffs alone.

Moreover, Pinhasi does not provide concrete support to sustain his heavy burden to show that the plaintiffs' claims were entirely meritless, undertaken with an improper purpose, and improperly multiplied the proceedings. He does not point to specific arguments or motions that lacked merit, asserting only that "[t]here can be no doubt that Frydman's motivation in filing this lawsuit was to harass Pinhasi and cause him to incur significant legal bills." Mem. in Supp. at 4. While Pinhasi prevailed at trial on all the claims against him, the jury returned a verdict in favor of the plaintiffs on certain of the claims against Verschleiser, indicating that the suit itself was not entirely without merit or undertaken purely to harass the defendants. Accordingly, there is no basis for an award of attorney's fees to Pinhasi under § 1927.

## Conclusion

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the defendant's motion for attorney's fees pursuant to Rules 54 and

68, and 28 U.S.C. § 1927 is **denied**. The Clerk is respectfully directed to close ECF No. 635.

**SO ORDERED.**
**Dated:    New York, New York**
**         October 11, 2024**

                                    _____
                                         John G. Koeltl
                                    United States District Judge